597 P.2d 985

**In the Matter of a Member of the State Bar of Arizona, Peter T. VAN BAALEN, Respondent.**

**No. SB–165.**

Supreme Court of Arizona, En Banc.

July 11, 1979.

Lawrence D. Mattice, William A. Albright, Michael N. Harrison, Phoenix, State Bar Counsel, for plaintiff.

Ralph E. Mahowald, Jr., Phoenix, for respondent.

HAYS, Justice.

After hearing before a local administrative committee, the committee rendered Findings of Fact and Recommendation of Censure. The respondent, Peter T. Van Baalen, thereafter filed no objections nor did he request an appearance before the

Disciplinary Board. The Disciplinary Board considered the action taken by the local administrative committee and voted to accept and affirm the Findings of Fact and the Recommendation of Censure.

Subsequently, the respondent filed objections to the Findings and Recommendation and the matter was transmitted to the Supreme Court pursuant to 17A A.R.S. Supreme Court Rules, rule 36(d).

An examination of the reporter's transcript of the hearing before the local committee and the exhibits introduced in evidence indicates the following: In June, 1975, a corporation by the name of Growth SBIC became a client of the respondent's law firm and deposited $250 with the firm for costs.

This client had been referred to a lawyer named Dossey who was an employee of the firm. Dossey successfully handled a collection matter for the corporation, and a similar matter was pending awaiting location of the debtor. Thereafter, the respondent fired Dossey, and his association with the firm was terminated.

On May 3, 1976 the president of the corporation wrote to respondent requesting that the files of the corporation and the balance of the funds held in the corporate name be sent to Dossey. On May 26, 1976 the respondent wrote to an attorney who was handling for Dossey the matters which were an outgrowth of the firing of Dossey. In that letter respondent offered to turn over the files if a $30 fee for copying was forthcoming, and he refused to transfer the funds. It was not until May 2, 1978 that funds in the amount of $187.23 were remitted to the corporation. This check was sent by respondent's attorney who was representing him in this and other bar complaints.

Respondent contends that his failure to return the client's files and funds was caused by his mental distress in discovering alleged misconduct by his associate, Dossey. He asserts that his mental state was heightened by the necessity of his assuming a double workload since his associate was gone. Respondent argues that there was no willful violation of the Code of Professional Responsibility.

We are at a loss to know how an appeal of this nature, with its recital of facts and recommendations preserved in an opinion in the lawbooks for posterity, better serves the respondent than an order of censure. This comment is evoked by this case as well as others which have recently preceded it. We however do not in the least contest the respondent's right under our rules to appeal the action of the Disciplinary Board.

In his pleading, "Objection to the Recommendations of Disciplinary Board", the respondent does not deny the factual basis for the recommendation of the Board. He urges that since there is no evidence of a series of actions amounting to dereliction of duty toward a client, and since he didn't steal money from the client, this is too minor a matter to warrant any action at all. We do not agree.

We find that the state bar has proved by clear and convincing evidence that the respondent engaged in unprofessional and unethical conduct in violation of the Code of Professional Responsibility and Rules of the Supreme Court, rule 29(b)(6), and Disciplinary Rules 9–102(B)(4), 1–102(A)(1), and 1–102(A)(5).

It is ordered that the respondent, Peter T. Van Baalen, be censured. Further ordered, respondent pay costs in the amount of $253.98.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concur.